UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS



CORITA Y. BURNETT,
    PETITIONER

vs.

Case No. 1:22-cv-01111-CSB

WARDEN SEGAL,
    RESPONDENT

### PETITIONER'S RESPONSE TO COURT'S SHOW CAUSE ORDER

COMES NOW, PETITIONER, PRO SE, CORITA YVONNE BURNETT responding to the Court's SHOW CAUSE ORDER. The petitioner was instructed to respond within 30 days of the ORDER, as of today, she is in compliance with the ORDER. The following response sets out her quest for relief from this Honorable Court.

### BACKGROUND

Petitioner BURNETT was convicted and sentenced for violating federal law on firearms. She has completed several evidence-based class work and work details that would render her rehabilitation worthy of time credits that would reduce her sentence. She has filed a §2241 with this court, so as the time credits can be ordered for a reduction in her sentence. Petitioner BURNETT should be awarded these credits through her diligence to complete the class work and job details through the Bureau of Prisons.

## LEGAL ARGUMENT

Petitioner BURNETT makes claim that this Honorable Court should SET OUT AN ORDER to the Bureau of Prisons to calculate and apply her time credits. Petitioner BURNETT should be awarded these credits because the implementation time period has already expired(January 15, 2022). Pursuant to §2241, an inmate can file through the court a petition for relief, without exhaustion of adminsistrative remedies, because the statue doesn't mandate it. BURNETT has exercised this right in filing her §2241 for relief.

The court states that BURNETT has to exhaust her administrative remedies before a court will generally review a claim. The court has agreed in its ORDER, that there is no exhaustion mandate. In this event, sound jusdicial discretion governs. McCarthy v. Mardigan, 503 US 140, 148, 112 S.Ct. 1091(1972). In the court exercising this discretion, it should duly note that the discretion needs to be balanced and carefully examined. This would never be the "one size fits all" rule. It couldn't be, because in its own individual review, it is imperative that the issues at hand be weighed in favor of the disadvantaged----which would be the petitioner. The court has to take into consideration that the xhaustion of administrative remedies can cause(1) undue prejudice, due to delays in processing and returning the remedy to the inmate(2)the agency lacks the ability, competence, and attention to even resolve the issue presented on the remedy(3) the remedy process is futile because the agency that has to review and resolve the issue at hand, is "bias" to the issues presented. In short, the administrative remedy process is "futile" because those governing it don't abide by the regulating factors that it should. SEE: Gonzalez v. O'Connell 355 F, 3d. 1010 (7th Cir. 2004)

In the exhaustion of administrative remedies, there is an exception to the rule. The Petitioner has stated that the administrative remedy process would be "futile" as well as the court knows and concurs, therefore "statutory construction" is at hand. When embarking on a task of "statutory construction" word should generally should be understood just as the law reaads and as Congress intended. In its common meaning.... at the time the statue is enacted. Wisconsin Cent. Ltd. v. U.S. 138 S. ct. 2067(2018). The statutory language at hand in this §2241 petition for relief should be understood as it is read. It is what the law intends, thus the court should adhere to it.

The courts have approved several §2241 petitions for relief through different districts. These judges know that disparity in sentencing has been a "problem" within the federal system. They have attempted to get on "the same page" so as not to clog the courts with petitions for relief, because of these disparities. It is in the interest of the petitioner to do the same thing. Petitioner BURNETT does not wish to stagger the court system with her petition for releif, instead she is trying to get the court to rule on the merits of her §2241. The ordering of her time credits would uphold the law, as well as keep the courts from future petitions being filed because of disparity in sentencing.

The provisions for 28 USC §2241 petitions state that there are no express exhaustion requirements. It is the reason why Petitioner BURNETT did not exhaust her administrative remedies. The court has now made the same stement of agreement. It should not be any type of enforcement for a rule that doesn't even exist. It has long been established that it is "futile" for a petitioner to exhaust these said remedies, therefore this court should set out an order for the Petitioner to have her time credits calculated and applied at this time.

## CONCLUSION

Petitioner CORITA YVONNE BURNETT prays that this honorable Court will set out an ORDER that her time credits be calculated and applied at this time.

Date: May 31, 2022.

*Corita Burnett*
CORITA YVONNE BURNETT

## CERTIFICATE OF SERVICE

I CORITA YVONNE BURNETT hereby declare under penalty of perjury that the forgoing response is true and correct. This response should be delivered to the Clerk of the Court, U.S. District Court, Central District of Illinois, by the U.S. Postal Service.

Date: May 31. 2022.

*[signature]*
CORITA YVONNE BURNETT